Moephy, J.
delivered the opinion of the court.
Plaintiff claims three thousand dollars for his services as president of the Orleans Ootton Press Company from the 21st of January, 1833, to the 17th of February, 1831. The petition alleges that the duties of the office were arduous, and engrossed much of the time and attention of plaintiff to the prejudice of his own business. That no salary had yet been affixed to the office when he was appointed ; the company having then but recently commenced operations; that relying on the justice of the board of directors to allow him a fair and reasonable compensation for his services, plaintiff did continue to incur the responsibility and discharge the duties attached to the' office until the aforesaid period. The answer denies that any compensation whatever was due to the petitioner, or that his services are worth the amount claimed. The plaintiff had a judgment below, from which the defendants appealed.
This case presents no question of law. From the minute book of the company, which has been laid before us as part of the evidence, we are satisfied that at the time of the election of plaintiff as president of the company, there was no salary yet affixed to the office. A committee named by the stockholders before their incorporation had proposed a sum of one thousand dollars for the services of the president, but their report had never been acted upon; when on the 8th of April, 1831, shortly after a charter had been obtained from the legislature, the sum of two thousand dollars was fixed upon *572 [338] as the salary of the president, but no provision was made for the services of plaintiff, rendered up to the 18th February preceding. This claim, then, is on a quantum meruit. A number of witnesses in the employ of the defendants at the time plaintiff was elected president, testify that his services in that office were worth the sum he claims. They say that he acted not only as president, but superintended the erection of the buildings, made contracts, &c., and attended to almost all the offices of the company to the neglect of his own business as a merchant, which at that timo was extensive. On examining the testimony in connection with the minute book before us, we cannot but believe that there is some exaggeration in relation the plaintiff’s services, and the estimate put upon them. The witnesses speak of his superintending the buildings as one of his most arduous duties, and yet we find that the company had appointed a superintendent of the buildings with a salary of two thousand five hundred dollars per annum, during the very time plaintiff was president. There was besides a building committee authorized to purchase materials, engines, slaves, &c. It is clear, however, from the evidence, that plaintiff devoted much of his time and attention to the business and affairs of the company, and is entitled to remuneration. We think that he should receive a sum equal to that allowed to his immediate successor, to wit, two thousand dollars.
It is therefore ordered that the judgment of the parish court be reversed; and it is further ordered that plaintiff do recover of the defendants the sum of two thousand dollars, with costs below, those of this appeal to be borrie by the plaintiff and appellee.